Argued and submitted January 27, reversed and remanded for further proceedings
on declaratory judgment claim; otherwise affirmed August 5, 1992

Ann B. WHITE,
*Plaintiff,*

*v.*

Charles D. BURT,
*Defendant,*

URBAN RENEWAL AGENCY OF
THE CITY OF SALEM,
acting by and through
the City of Salem,
*Appellant,*

*and*

SALEM HISTORICAL ASSOCIATES,
*Respondent.*

(90C-10116; CA A68815)

835 P2d 946

David J. De Martino, Deputy City Attorney, Salem, argued the cause for appellant. With him on the briefs was William J. Juza, City Attorney, Salem.

Dean M. Quick, Albany, argued the cause for respondent. With him on the brief was Weatherford, Thompson, Quick & Ashenfelter, P.C., Albany.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff brought this action, seeking the removal of a pedestrian skybridge that connects a parking structure owned by defendant urban renewal agency (URA) and a building that is now owned by defendant Salem Historical Associates (SHA). The skybridge was constructed pursuant to a 1980 agreement between URA and SHA's predecessor in interest. The skybridge passes over property that plaintiff owns and has leased to the owner of the building through the year 2013.[1] A stipulated judgment was entered on plaintiff's claim, requiring URA and SHA to "remove the subject pedestrian bridge from above the real property owned by the plaintiff * * * no later than December 31, 2013."

In the same proceeding, URA brought a cross-claim against SHA, seeking rescission of the 1980 agreement and declaratory relief.[2] The basis for the rescission claim was that, at the time of the contract negotiations, SHA's predecessor innocently failed to inform URA that it did not own plaintiff's property or, alternatively, that the parties were mutually mistaken in their understanding of the ownership status of the property.[3] In its declaratory judgment claim, URA seeks, *inter alia*, an interpretation of the parties' rights and responsibilities under two provisions of the agreement, the first requiring URA to maintain the skybridge as long as the parking structure exists, and the second requiring URA to hold SHA harmless and to indemnify it for certain damages arising out of the "existence, use or occupancy of the pedestrian bridge." The major concern appears to be the eventual allocation of the removal costs.

After a trial to the court, it dismissed both claims. It concluded that rescission could not be granted because "there are too many contingencies" about what might happen between now and 2013, and because URA "has an adequate remedy at law." Because of the uncertainties about events that might transpire between now and 2013, the court also

---

[1] Defendant Burt has an interest in plaintiff's property that plays no role in the issues in this appeal.

[2] URA also stated a reformation claim. There is no issue about it on appeal.

[3] SHA's predecessor was a corporation that has since been dissolved.

concluded that the declaratory judgment claim did not present a justiciable controversy. URA appeals.

■ We review the rescission claim *de novo*. SHA argues, *inter alia*, that "performance o[f] the contract has been completed" and, therefore, rescission is not an appropriate remedy. We understand SHA to mean, and we agree, that the *status quo ante* cannot be restored. The skybridge is there; the parties are under a court order to remove it; and no exchange of consideration and property could be a meaningful remedy. The court said in *Smiley v. Ackerman et al*, 196 Or 383, 393-94, 249 P2d 168 (1952), that the permissibility of rescission generally depends on the restoration of the *status quo*, but that

> "a contract may be rescinded, although the parties cannot be placed in statu quo, where the clearest and strongest equity demands such relief, and equity still can be done between the parties, and the rescinding party makes such restitution as is just and within his power; but [equity] will give relief only where the clearest and strongest equity imperatively demands it."

*See also Niedermeyer v. Latimer*, 79 Or App 116, 717 P2d 1265, *rev den* 301 Or 241 (1986).

■ No such imperative demand exists here. The "misrepresentation" was innocent and occurred through silence; it was made by SHA's predecessor, not by either of the present parties; and it pertained to a matter that URA could easily have ascertained for itself. Moreover, an equitable intervention in the *contractual* arrangement between the parties would be a partial remedy at best, because the *judgment* requiring them to remove the skybridge from plaintiff's airspace creates independent liabilities of them both to a third party. The innocent misrepresentation theory does not provide a basis for rescission. Neither does plaintiff's mutual mistake theory. No *mutual* mistake was established, and URA's unilateral misunderstanding about who owned the property does not warrant rescission. *See Gardner v. Meiling*, 280 Or 665, 674-76, 572 P2d 1012 (1977).

■ We do not agree with the trial court that the uncertainties about what will happen between now and 2013 make the declaratory judgment claim nonjusticiable. The parties have a relationship under an existing agreement, and there is

a judgment that requires URA and SHA to remove the skybridge some time between now and the end of 2013. The fact that circumstances *may* change does not make the present controversy hypothetical.[4]

URA makes six further assignments, each directed against findings of fact contained in the trial court's opinion letter. Insofar as those findings bear on the rescission claim, which we review *de novo*, we have stated the findings of our own that are necessary to our disposition. Because further proceedings are necessary on the declaratory judgment claim, we do not reach the assignments as they pertain to it.

On declaratory judgment claim, reversed and remanded for further proceedings; otherwise affirmed.

---

[4] Although the trial court regarded the claim for declaratory relief as nonjusticiable, it nevertheless made advisory rulings on the issues. Those rulings, of course, were not incorporated into the judgment.